108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Wayne CHIN, also known as Michael Edwards, also known as
Michael Edward, also known as Glenton Gennings,
also known as Anthony Larkwood,
Defendant-Appellant.
 No. 96-1461.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 APPEARING FOR APPELLANT: Wayne Chin, pro se.
 APPEARING FOR APPELLEE: Zachary W. Carter, United States Attorney, Eastern District of New York
 PRESENT: DENNIS JACOBS, PIERRE N. LEVAL, JOSE A. CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.
 
 
 3
 Defendant-Appellant Wayne Chin appeals from a judgment of the United States District Court for the Eastern District of New York (Hurley, J.), convicting him, following a jury trial, of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Chin was sentenced to 78 months of imprisonment, three years of supervised release, and a $50 special assessment. Chin's only contention on appeal is that the district court erred in failing to grant his pretrial motion to dismiss based on the violation of his right to a speedy trial. For the reasons set forth below, we find this claim to be without merit.
 
 
 4
 Chin was arrested in Brooklyn on August 21, 1989, following a high speed chase with New York City police officers. He was thereafter indicted for possession of a weapon under New York law. A subsequent inquiry into Chin's background revealed that at the time of his arrest in Brooklyn: (1) Chin had two prior New York State convictions for criminal possession of a weapon; (2) he was on parole; and (3) he was a fugitive from New Jersey charges involving drugs and weapons.
 
 
 5
 In October 1990, Chin was tried in New York State Supreme Court on the weapon possession charge. That trial resulted in a hung jury, and Chin was retried in April 1991. This second trial also resulted in a hung jury and a mistrial.
 
 
 6
 However, prior to the start of Chin's second trial, a federal investigation was commenced by the Bureau of Alcohol, Tobacco and Firearms. And following the second mistrial in State court, a federal complaint was sworn out, charging Chin with possession of a firearm by a convicted felon.
 
 
 7
 On June 14, 1991, a federal writ of habeas corpus was issued, directing Chin's transfer from state to federal custody. However, the writ was returned unexecuted due to the U.S. Marshal's mistaken belief that Chin had been transferred to New Jersey. In fact, Chin had been transferred to a different New York State facility and was contesting extradition to New Jersey.
 
 
 8
 Chin was eventually extradited to New Jersey in September 1991, but because the government had not yet ascertained which New Jersey facility housed Chin, a new federal writ was not filed. Consequently, there were no detainers holding Chin when he appeared in New Jersey court, and he was released on bail in September 1991. Chin then fled.
 
 
 9
 On March 8, 1992, Chin was arrested by ATF agents in Houston, Texas, for possession of a firearm. He was then removed to the Eastern District of New York and charged with possession of a firearm in a one-count federal indictment (filed on April 13, 1992), which was later superseded by an indictment charging Chin with four crimes relating to the possession of the firearm and ammunition.
 
 
 10
 Prior to Chin's January 1995 federal trial, Chin, represented by four different court-appointed attorneys, pursued three interlocutory appeals and filed extensive pro se motions. In July 1992 and February 1993, Chin also filed motions to dismiss the indictment and superseding indictment, arguing inter alia that (1) the pre-indictment delay violated his due process rights, and (2) the post-arrest delay violated his Sixth Amendment rights and his rights under the Speedy Trial Act. These motions were denied in December 1993.
 
 
 11
 Chin was convicted at his federal trial of possession of a firearm by a convicted felon, and was acquitted of the other three charges in the superseding indictment. Chin's current appeal raises only speedy trial issues.
 
 I. Pre-Indictment Delay
 
 12
 Chin argues that his due process rights were violated by the ten month pre-indictment delay between May 1991, when a federal complaint was sworn out on the charge for possession of a firearm by a convicted felon, and March 1992, when a federal indictment on that charge was issued. The Due Process Clause requires the dismissal of an indictment because of pre-indictment delay only when the delay causes "substantial prejudice" to the defense and the delay is an "intentional device to gain tactical advantage over the accused." United States v. Marion, 404 U.S. 307, 324 (1971).
 
 
 13
 Chin has failed to show that any of the delay was intentionally caused by the government. Any delay attributable to the government appears to have been inadvertent, and much of the delay is actually attributable to Chin (specifically, his fleeing from New Jersey after jumping bail).
 
 
 14
 Furthermore, Chin has failed to show that the government was seeking to gain tactical advantage. Chin does not point to any record support for his assertion that the government delayed its arrest so that Chin's wife could finalize their divorce and testify against him at trial. It is hard to see the point of such a tactic, because Chin's wife had the option of testifying even before the divorce. See Trammel v. United States, 445 U.S. 40, 53 (1980). In addition, Chin provides no support for his assertion that the government caused the delay so that New Jersey could prosecute him first in order to increase his federal sentence.
 
 
 15
 Nor has Chin shown that the pre-indictment delay caused him prejudice. His claims that the delay made certain witnesses unavailable, or less effective, and also caused the loss of documents do not in themselves demonstrate that he was prejudiced at trial and thus do not justify the dismissal of the indictment. See Marion, 404 U.S. at 326 (inaccessibility of witnesses and loss of documents do not demonstrate that defendant cannot receive a fair trial). Moreover, those circumstances did not exist at the time he filed his motion to dismiss the indictment.
 
 II. Post-Arrest Delay
 
 16
 Although Chin argues otherwise, his Sixth Amendment right to a speedy trial attached not when the federal complaint was filed, but at the time he was arrested in March 1992. See United States v. Sorrentino, 72 F.3d 294, 297 (2d Cir.1995); United States v. Bloom, 865 F.2d 485, 490-91 (2d Cir.), cert. denied, 490 U.S. 1027 (1989). Chin fails to satisfy the factors in Barker v. Wingo, 407 U.S. 514 (1972), used to determine whether there has been a violation of the right to a speedy trial. Chin does not allege that the post-arrest delay caused him prejudice. Nor can he show that the government caused the post-arrest delay; indeed, Chin himself caused this delay with his myriad motions and his constant changing of attorneys.
 
 
 17
 In the district court, Chin did not raise a Speedy Trial Act claim based on the failure to bring him to trial within seventy days of his indictment. He therefore has waived this claim on appeal. See 18 U.S.C. § 3162(a)(2); United States v. Gomez, 67 F.3d 1515, 1519 (10th Cir.1995), cert. denied, 116 S.Ct. 737 (1996). In any event, this claim lacks merit.
 
 
 18
 We have considered all of Chin's contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.